In the Matter of the Judicial Settlement of the Accounts of
WILLIAM A. LOCKWOOD, as Successor Trustee, under the
Last Will and Testament of JOHN B. PIERSON, Deceased,
for HARRIET M. PIERSON.

SAMUEL PIERSON LOCKWOOD and ALBERT LEWIS LOCKWOOD,
Appellants; JOHN W. S. PIERSON, as Administrator, etc.,
and BEVERLY CHEW, Respondents.

Third Department, July 8, 1920.

**Wills — bequest for life with remainder over — death of remainder-
men before life tenant — when interest of remaindermen vested.**

A bequest to one for life with remainder over to certain named legatees
passes a vested interest to the remaindermen in the absence of a contrary
testamentary intention, and the interest of a remainderman who dies
before the life tenant passes to his successors in interest.

Will examined, and *held*, that it was not the intention of the testator that
the legacies in question were to be contingent on the survival of the life
tenant by the legatees.

APPEAL by Samuel Pierson Lockwood and another, residuary
legatees, under the last will of John B. Pierson, deceased,
from so much of a decree of the Surrogate's Court of Rensselaer
county, entered in the office of the clerk of said court on the
26th day of December, 1919, as determines that three legacies
under the will of said deceased should be paid to the repre-
sentatives of the deceased legatees, rather than to the appellant.

The will of John B. Pierson, who died in 1885, by its 1st
clause gave his household furniture to his wife. It then
provided as follows: " *Second*, I give, devise and bequeath all
the rest and residue of my real and personal property and
estate unto my said wife Harriet M. for and during the term
of her natural life. *Third*, From and immediately after the
death of my said wife I give, devise and bequeath all of my
said real and personal property and estate except that in the
first item named, as follows to wit: " Then follow numerous
devises and bequests with the residuum over to three specified
beneficiaries or to the survivor or survivors of them. The
testator had no children. His wife lived thirty-three years

after his death. In the meantime three of the legatees, a brother, sister and niece, died. The decree directs the payment of their legacies to their successors in interest. One of the three residuary beneficiaries also died during the life tenancy of the widow and the two survivors bring this appeal.

*John Hill Morgan,* for the appellants.

*William E. Carnochan,* for the respondents.

COCHRANE, J.:

The appellants contend that the three legacies in question did not vest until the death of the life tenant but were in the meantime only contingent on her survival by the legatees. The rule is the other way. (*Nelson* v. *Russell,* 135 N. Y. 137; *Connelly* v. *O'Brien,* 166 id. 406; *Hersee* v. *Simpson,* 154 id. 496.) The law favors the vesting of estates and will not presume that these gifts were contingent. The rule, however, yields in the presence of a contrary testamentary intent. The main argument of the appellants is that such contrary intent is manifest from the fact that in respect to some of the legatees other than the three in question provision is made in the will that if they be not living at the time of the death of the testator their legacies should pass to the residuary legatees, and in respect to others of the legatees provision is made that their legacies be effective only in case they survive the testator. That argument might be significant if any of the legatees had predeceased the testator and the question existed as to whether their legacies had lapsed. It might also be significant if the testamentary provisions in respect to such other legacies were that they should be effective only in case the legatees survived the life tenant. The legatees having survived the testator the provisions in question have no bearing on the point here involved.

The decree should be affirmed, with costs.

Decree unanimously affirmed, with costs.